ANTHONY D. PASSERO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ANTHONY D. PASSERO AND MARGARET PASSERO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Passero v. Commissioner
Docket Nos. 8486-74, 8487-74.
United States Tax Court
T.C. Memo 1982-218; 1982 Tax Ct. Memo LEXIS 524; 43 T.C.M. (CCH) 1166; T.C.M. (RIA) 82218; April 26, 1982. *524 Petitioners had substantial underpayments of income tax for each of the years 1967 through 1971. Petitioner-husband pleaded guilty to criminal tax fraud for 1970. Petitioners did not file a Federal income tax return for 1971. Held: Additions to tax are imposed under section 6653(b) (fraud), I.R.C. 1954, for each of the years 1967 through 1971. Lewis R. Mandel, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge:* Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b) [1] (fraud) and 6654(a) (estimated tax) against petitioners as follows: Petitioner;
Additions to Tax
Docket No.
Year
Deficiency
Section 6653(b)
Section 6654(a)
Anthony D. Passero
and Margaret Passero [2] *525 8487-74
1967
$ 1,723.50
$ 861.75
1968
5,073.78
2,536.89
1969
7,802.69
3,901.35
1970
62,699.08
31,349.54
Anthony D. Passero
8486-74
1971
26,800.00
13,440.00
$ 861.60
By answer, respondent asserts in the alternative that, if the Court determines that the underpayment of tax of petitioner Anthony D. Passero for 1971 was not due to fraud, then this petitioner is liable for additions to tax for 1971 under sections 6651(a) (failure to file return) and 6653(a) (negligence) in the amounts of $ 6,572 and $ 1,344, respectively. These cases have been consolidated for trial, briefs, and opinion. This Court granted respondent's motion to dismiss for lack of prosecution, insofar as it relates to those issues as to which petitioners have the burden of proof. The issue for decision is (a) whether petitioner Anthony D. Passero is liable for additions to tax under section 6653(b) (fraud), or (b) alternatively, if his 1971 underpayment is not due to fraud, whether he is liable for additions to tax for 1971 under sections 6651(a) (failure to file return) and 6653(a) (negligence). FINDINGS OF FACT When the petitions in these cases were filed, petitioners Anthony D. Passero (hereinafter sometimes referred *526 to as "Passero") and Margaret Passero (see note 2, supra), husband and wife, resided in Flushing, New York. Table 1 shows, for each of the years before the Court, the amounts of petitioners' (1) expenditures, (2) nontaxable receipts plus gross income reported on their tax return, if any, and (3) unreported income. Table 1 (1)
(2)
(3)
Reported or
Nontaxable
Unreported
Year
Expenditures
Income
Income
1967
$ 13,561.39
$ 1,975.50
$ 11,585.89
1968
28,323.76
7,987.84
20,335.92
1969
38,384.43
16,153.78
22,230.65
1970
184,240.22
73,365.00
110,875.22
1971
85,280.44
16,938.44
68,342.00
Petitioners did not maintain any books or records for 1967 through 1971, nor did Passero ever submit any books and records or other documents to the Internal Revenue Service for these years. Passero did not file a Federal income tax return for 1971. A five-count information was filed against Passero in the United States District Court for the Eastern District of New York on April 10, 1973, charging him with willfully and knowingly attempting to evade petitioners' income tax for each of the years 1967 through 1970 in violation of section 7201, and with willfully and knowingly failing to make and file an income tax return for 1971 in violation *527 of section 7203. On April 10, 1973, Passero pleaded guilty to count four of this information, for violating section 7201 for 1970; the other four counts were dismissed. Passero was sentenced to serve a prison term of 2 1/2 years, which he served at the United States Penitentiary, Allenwood, Pennsylvania, from June 1973 to March 1975. A part of petitioners' underpayment of income tax for each of the years in issue was due to Passero's fraud. OPINION Respondent determined that all or a part of petitioners' underpayment of income tax for each of the years in issue was due to Passero's fraud. Petitioners deny that there were underpayments and deny that there was fraud. [3] We agree with respondent as to each of the years in issue. [4]
In order to sustain his determination as to the fraud addition to tax [5] *529 for a year, *528 respondent must prove, by clear and convincing evidence, that some part of an underpayment for that year is due to fraud. Sec. 7454(a); [6]Rule 145(b), Tax Court Rules of Practice and Procedure; e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. Lee v. United States,466 F.2d 11, 16-17 (CA5 1972); Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. a Memorandum Opinion of this Court; [7]Lowy v. Commissioner,288 F.2d 517 (CA2 1961), affg. a Memorandum Opinion of this Court; [8]Otsuki v. Commissioner,53 T.C. at 105; Estate of Brame v. Commissioner,25 T.C. 824, 831-832 (1956), affd. 256 F.2d 343 (CA5 1958). The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner,supra;Mensik v. Commissioner,328 F.2d 147, 150 (CA7 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner,56 T.C. at 224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), *530 affg. a Memorandum Opinion of this Court; [9]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Wiseley v. Commissioner,185 F.2d 263, 266 (CA6 1950), revg. 13 T.C. 253 (1949); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence. Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). Viewing the record as a whole, we conclude that respondent has sustained his burden of showing fraud by clear and convincing evidence for each of the years in issue. We are presented with repeated and unexplained omissions of income, substantial in comparison to the corresponding amounts of net income reported on the returns; they are persuasive evidence that a part of the underpayment in tax for each of the years before the Court was due to fraud. E.g., Holland v. United States,348 U.S. 121, 139 (1954); Lollis v. Commissioner,595 F.2d 1189, 1191 (CA9 1979), affg. a Memorandum Opinion of this Court; [10]Baumgardner v. Commissioner,251 F.2d 311, 322 (CA9 1957), *531 affg. a Memorandum Opinion of this Court; [11]Otsuki v. Commissioner,53 T.C. at 108. In addition, for 1970, Passero's guilty plea estops him from denying that there was an understatement of income and that it was due to fraud. Arctic Ice Cream Co. v. Commissioner,43 T.C. 68 (1964).
Through 1970, petitioners filed tax returns. Evidently, they understood that they had an obligation to do so. For 1971, petitioners had a substantial amount of income. Nevertheless, they failed to file a tax return. This failure may properly be considered in determining whether an underpayment of tax is due to fraud. Grosshandler v. Commissioner,75 T.C. 1, 19 (1980), on appeal (CA7 Dec. 22, 1981), and cases cited therein. In light of the foregoing, we hold, for respondent, that all or a part of petitioners' underpayment of income tax for each of the years in issue was due to Passero's fraud. Because of respondent's concession (see note 2, supra), Decision will be entered for respondent in docket No. 8486-74;
Decision will be entered for respondent as to petitioner Anthony D. Passero in docket No. 8487-74;
Decision will be entered for petitioner Margaret *532 Passero in docket No. 8487-74.
Footnotes
*. These cases were tried before Judge Sheldon V. Ekman, who died on January 18, 1982. By order of the Chief Judge dated March 19, 1982, these cases were reassigned to Judge Herbert L. Chabot↩ for disposition. 1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
2. Respondent and petitioner Margaret Passero agree that she is relieved from liability for the deficiencies and the additions to tax under section 6653(b). Section 6013(e).
3. When these cases were called for trial, respondent presented the stipulation which is the basis for note 2, supra;↩ there was otherwise no appearance by or on behalf of petitioners. Petitioners' positions are as stated in their petitions.
4. In view of our conclusions as to fraud, we do not address respondent's alternative assertions as to negligence and late filing for 1971.↩
5. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse. [Although the last sentence of this subsection was enacted in 1971 (sec. 2 of Pub. L. 91-679, 84 Stat. 2063), it applies to all open years (sec. 3 of Pub. L. 91-679, 84 Stat. 2064).] ↩
6. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. [This language reflects several amendments since 1967 which have no effect on the instant cases.] ↩
7. T.C. Memo. 1970-274↩. 8. T.C. Memo. 1960-32↩.
9. T.C. Memo. 1966-81↩.
10. T.C. Memo. 1976-15↩. 11. T.C. Memo. 1956-112↩.